[No. 14784.   Department One. — July 11, 1892.]

EMMA A. WADDINGHAM, APPELLANT AND RESPOND-
ENT, v. L. E. TUBBS, RESPONDENT AND APPELLANT.

95   249
99   177

NEW TRIAL — TIME FOR SERVICE OF NOTICE — NOTICE OF DECISION — NO-
TICE OF MOTION BY SUCCESSFUL PARTY. — A notice of intention to move
for a new trial, by the party in whose favor judgment has been rendered,
served upon the adverse party, which contains the title of the cause, and
which states that "a motion will be made to set aside and vacate the
decision and judgment heretofore rendered and entered herein," contains
a sufficient notice in writing that a decision of the court had theretofore
been rendered to require the adverse party to serve and file his notice of
intention for a new trial within ten days thereafter.

APPEALS from a judgment of the Superior Court of
San Bernardino County, and from an order denying a
new trial.

The facts are stated in the opinion.

*Harris & Gregg*, for Plaintiff.

*Rolfe & Freeman*, for Defendant.

VANCLIEF, C. — This is an action to quiet the alleged
title of plaintiff to lots numbered 7, 8, and 9, in block 42,
of the town of Ontario, in the county of San Bernardino.
The cause was tried by the court, and the judgment was
in favor of plaintiff for lots 8 and 9, and in favor of
defendant for lot numbered 7.

Each party moved for a new trial upon a distinct bill
of exceptions. Both motions were denied, and each
party has appealed, — the defendant from the judgment
against him as to lots 8 and 9, and from the order deny-
ing his motion for a new trial; and the plaintiff from
the judgment against her as to lot 7, and from the order
denying her motion for a new trial. Both appeals are
brought upon the same transcript.

1. Upon the appeal of defendant it will be necessary
to consider only one question, viz.: Did the defendant
serve his notice of intention to move for a new trial
within the time prescribed by section 659 of the Code of
Civil Procedure?

The decision of the court was rendered on December 27, 1890. Written notice of defendant's intention to move for a new trial was not served until January 24, 1891, when defendant's attorneys admitted the service, but expressly reserved and saved their right to object to the notice on the ground that it was too late.

Section 659 of the Code of Civil Procedure requires the notice of intention to move for a new trial to be served upon the adverse party " within ten days . . . . after notice of the decision of the court "; and respondent (on this appeal) contends, — 1. That appellant had actual notice of the decision of the court on December 29, 1890, and then so acted upon such actual notice as to waive formal written notice; and 2. That respondent served written notice of the decision upon appellant's attorneys on January 6, 1891. The first of these contentions is grounded upon the following facts of record: "On the twenty-ninth day of December, 1890 (two days after the decision), counsel for defendant and counsel for plaintiff, upon notification by counsel for defendant, and defendant in person, made argument in open court before said judge, upon the apportionment of the costs of said trial under the decision of the court; and said judge announcing thereafter that each party should pay its own costs of trial, it was then suggested and consented by the respective parties that the said judge might insert in the conclusions of law in said case that each party should pay his own costs."

The ground of the second contention, viz., that written notice of the decision was served on January 6, 1891, is that on that day respondent served on the attorneys for defendant her written notice of intention to move for a new trial, which, among other things, stated: " The defendant will take notice that the plaintiff intends to move the court to set aside and vacate *the decision and judgment heretofore rendered and entered herein,* and to grant a new trial in this case upon the following grounds: 1. Insufficiency of the evidence to justify the findings and decision," etc.

Service by copy of this notice on January 6, 1891, was admitted by defendant's attorneys.

As to whether the actual notice to defendant of the decision of the court, and his action upon that notice on December 29th, constituted a waiver of formal written notice of the decision, the cases seem not quite harmonious. (See *Biagi* v. *Howes*, 66 Cal 469; *Gray* v. *Winder*, 77 Cal. 527; *San Fernando H. A.* v. *Porter*, 58 Cal. 81; *Barron* v. *Deleval*, 58 Cal. 95; *Mullally* v. *Benevolent Society*, 69 Cal. 559; *Dow* v. *Ross*, 90 Cal. 562.) Perhaps they may be so reconciled as to sustain the position of respondent; but it is unnecessasy to decide this question, since I think that under the circumstances plaintiff's notice of intention to move for a new trial, served on defendant January 6th, contained a sufficient notice in writing that a decision of the court had theretofore been rendered in this case, although that notice also stated that plaintiff intended to move for a new trial. The notice contained the title of the cause, and the language is, "the decision and judgment heretofore rendered and entered herein," which means the decision *which was* heretofore rendered herein, and must have been so understood. The code requires no particular form of notice. Nor does it require notice of what the decision was. Simple notice in writing that a decision has been rendered is all that is required. Such notice was served on defendant on January 6, 1891; yet defendant did not give notice of his intention to move for a new trial until the twenty-fourth day of that month.

No point is made on defendant's appeal from the judgment.

2. On the appeal by the plaintiff from the judgment as to lot 7, no point is made; but on her appeal from the order denying her motion for a new trial, her counsel contend that the finding by the court to the effect that lot 7 was conveyed to her by her husband without consideration, and for the purpose of delaying and defrauding his creditors, is not justified by the evidence. But after a careful examination, I think the evidence on

the part of the defendant has a substantial tendency to prove the findings in question.

I think the entire judgment, and both orders appealed from, should be affirmed.

Belcher, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion, the judgment and orders appealed from are affirmed.

Paterson, J., Harrison, J., Garoutte, J.