[Civ. No. 374.  Fourth Appellate District.—July 13, 1931.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Petitioner, v. THE SUPERIOR COURT OF KERN COUNTY et al., Respondents.

Borton & Petrini for Petitioner.

A. V. Muller, Ray B. Lyon and Alex Webster for Respondents.

MARKS, J.—This is an original petition filed in this court seeking a writ of prohibition prohibiting respondents from

setting for trial and trying a petition for distribution in the estate of Teodora Federico, also known as Teodora F. Valenzuela, deceased, and the contest thereto filed by petitioner as the executor of the last will and testament of Jesus Valenzuela, deceased.

The record before us discloses that Teodora Federico died testate on the thirteenth day of July, 1927, and that Juanita Aguera was thereafter appointed and qualified as the administratrix with the will annexed of her estate. After the death of Teodora Federico, Jesus Valenzuela, who was named as the sole beneficiary in her last will and testament, died testate and petitioner herein was appointed and qualified as the executor of his last will and testament. Juanita Aguera filed her final account and petitioned for distribution of the estate of Teodora Federico in which petition she sought to have all of the property of the estate distributed to herself as a pretermitted heir, alleging that she was an adopted daughter of Teodora Federico. At the trial of the contest on the petition for distribution, the court found in favor of the contestant and ordered the estate distributed to it as the executor of the last will and testament of Jesus Valenzuela, deceased. The findings of fact and judgment or decree were filed and entered on January 29, 1930. Notice of entry of judgment or decree was served upon Juanita Aguera as administratrix with the will annexed of the estate of Teodora Federico, deceased, and A. V. Muller and Webster & Lyon, her attorneys, on February 3, 1930. On February 7, 1930, A. V. Muller and Alex Webster, as attorneys for Juanita Aguera as administratrix with the will annexed of the estate of Teodora Federico, deceased, filed a notice of intention to move for a new trial. This motion was denied on March 17, 1930. On March 21, 1930, Ray B. Lyon, as attorney for Juanita Aguera individually, filed notice of intention to move for a new trial, which motion was granted on May 9, 1930.

It appears from the record that Alex Webster and Ray B. Lyon were at all times material to this action, copartners doing business under the firm name and style of Webster & Lyon. In its findings of fact filed on January 29, 1930, the trial court found that Juanita Aguera as administratrix with the will annexed of the estate of Teodora Federico, was represented upon the trial and hearing on the contest of dis-

tribution by A. V. Muller and Webster & Lyon as her attorneys.

In fairness to the Hon. Erwin W. Owen, who is named as the respondent judge herein, it should be noted that the trial of the contest and the arguments of both motions for new trial were heard, and the decisions rendered by another judge of the superior court. He is named as respondent for the reason that he is presiding judge of the Superior Court in and for the County of Kern, and in the capacity of such presiding judge was proceeding to set the contest down for a second trial after the order made granting the motion of Juanita Aguera made in her individual capacity.

It seems to be settled in California that prohibition is a proper remedy to be invoked where the trial court has made a void order granting a motion for a new trial and is attempting to proceed with a second trial. (*Shepherd* v. *Superior Court*, 54 Cal. App. 673 [202 Pac. 466]; *Finkle* v. *Superior Court*, 71 Cal. App. 97 [234 Pac. 432]; *United Railroads* v. *Superior Court*, 197 Cal. 687 [242 Pac. 701].)

The sole question necessary to be decided on this appeal is whether or not a sufficient notice of the entry of judgment and decree of distribution of January 29, 1930, was served upon Juanita Aguera to start running the ten days within which a notice of motion for a new trial must be filed under the provisions of section 659 of the Code of Civil Procedure.

The notice of entry of judgment served by petitioner on February 3, 1930, is addressed "to Juanita Aguera, as administratrix with the will annexed of the estate of the above named deceased and to A. V. Muller and Webster & Lyon, her attorneys". In the petition filed in this court it is alleged "that on the 3rd day of February, 1930, notice of entry of said judgment of distribution was served by said Bank of Italy National Trust and Savings Association as such Executor upon the said Juanita Aguera, and her said attorneys, a copy of which notice is hereto attached and marked Exhibit 'E' and made a part thereof". The only denial of this allegation in the answer of respondents is as follows: "Deny that on the 3rd day of February, 1930, notice of the entry of judgment of Decree of Distribution given and made in the matter of said estate was served upon the said Juanita Aguera or upon her attorneys, other than

in her representative capacity as administratrix with the will annexed of the Estate of Teodora Federico, deceased, and allege that the only Notice of the Entry of said judgment or decree is the one, a copy of which is attached to Petitioner's Petition herein and marked 'Exhibit E'.'' This admits the service of the notice upon Juanita Aguera in her representative capacity and upon her attorneys on February 3, 1930. Her notice of intention to move for a new trial made in her individual capacity was filed forty days after the service of the notice of the entry of judgment. To give the court jurisdiction to entertain the motion, the notice of intention to move for a new trial must be filed within ten days after receiving written notice of the entry of judgment. (Sec. 659, Code Civ. Proc.; sec. 953d, Code Civ. Proc.; *Neale* v. *Morrow*, 174 Cal. 49 [161 Pac. 1165]; *Prothero* v. *Superior Court*, 196 Cal. 439 [238 Pac. 357].)

Other than the requirement now existing that the notice of entry of judgment be in writing, no particular form of the notice is prescribed by law. (Sec. 659, Code Civ. Proc.; sec. 953d, Code Civ. Proc.; *Waddingham* v. *Tubbs*, 95 Cal. 249 [30 Pac. 527].) We conclude, therefore, that any notice in writing which will convey to a losing party that the judgment has been entered is sufficient in California.

In the case of *Scott* v. *Glenn*, 97 Cal. 513 [32 Pac. 573], the plaintiff commenced an action to recover money alleged to have been received by the defendant for the use and benefit of the plaintiff's assignors. The defendant filed his answer and also a cross-complaint making the plaintiff and his assignors cross-defendants and praying affirmative relief against them. The cross-defendants filed their answers denying many of the allegations of the cross-complaint. After a trial by the court, it rendered judgment that the plaintiff take nothing by his suit and gave the cross-complainant the relief demanded in his cross-complaint. The judgment was filed on September 17, 1891. On the following day the attorney for the defendant and cross-complainant served upon the attorney for the plaintiff and cross-defendants the following notice:

''To the Plaintiff, and Messrs. T. P. Ryan and G. B. Graham, Attorneys of Record.

''You will take notice that the court has rendered its decision and findings and judgment, and defendant's memoran-

dum of costs have been this day filed, in the above entitled action.

"Dated September 17, 1891.

"J. P. MEUX,
"Attorney for G. R. G. Glenn."

It will be noticed that the cross-defendants were not named nor mentioned in this notice of entry of judgment. Their attorney, however, received a copy of it.

On March 21, 1892, the cross-defendants served and filed a notice of their intention to move for a new trial and argued that as they had received no notice of the entry of judgment their notice of intention was filed in time. They argued that as the notice of entry of judgment was addressed to the plaintiff and his attorneys and not to the cross-defendants and their attorneys, they had received no notice of the entry of the judgment. The Supreme Court overruled this contention and held that as the notice had been delivered to the attorneys for the cross-defendants it conveyed to them sufficient notice of the entry of judgment even though they were not named therein.

■ Under the decision in the Scott case and in view of the fact that no particular form of notice is required by the statute, we have concluded that sufficient notice was served upon Juanita Aguera in her individual capacity to start running the ten days within which she was required to serve her notice of intention to move for a new trial even though she was only designated in her representative capacity in the notice. It is admitted that Ray B. Lyon, who signed and filed her individual notice of intention to move for a new trial was the same Ray B. Lyon that was a member of the firm of Webster & Lyon named in the notice of entry of judgment and which firm was served with the notice. The notice conveyed the information that the judgment or decree of distribution of January 29, 1930, had been filed and entered. This notice contained all of the information required to be conveyed by section 659 of the Code of Civil , Procedure. The information that a judgment had been entered, which was conveyed by the notice, and not its form nor its salutation or address clause, is the controlling factor in this case. Juanita Aguera cannot be permitted to hide behind the fact that she was only named in this notice in her representative capacity as the attorney who represented

her as well as the attorneys who represented her in her representative capacity as administratrix were served with a notice which informed them that the judgment had been entered and which started running the ten days within which time any notice of intention to move for a new trial must be filed.

The notice of intention to move for a new trial filed on behalf of Juanita Aguera individually having been filed too late, and after the time limited by law for the filing of such notice, the Superior Court of the State of California in and for the County of Kern was without jurisdiction to grant such motion. It follows that the order made on May 9, 1930, granting a new trial was without the jurisdiction of the respondent court and is therefore void. Respondents are exceeding their jurisdiction in attempting to again set for trial the issues raised by the petition for distribution and the contest thereto which had been fully decided by the judgment and decree made and entered on January 29, 1930.

It is ordered that respondents be prohibited, and that a writ of prohibition be issued restraining them from setting for trial or trying, the issues raised by the petition for distribution and the contest thereto filed by petitioner herein in the matter of the estate of Teodora Federico, also known as Teodora F. Valenzuela, deceased, being Number 4109 in the records of the respondent court.

Barnard, P. J., and Lamberson, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 27, 1931, and a petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 10, 1931.