[Civ. No. 16297. First Dist., Div. Two. June 27, 1955.]

PACIFIC GAS AND ELECTRIC COMPANY (a Corporation), Appellant, v. STATE BOARD OF EQUALIZATION, Respondent.

Chaffee E. Hall, Robert H. Gerdes, Richard H. Peterson and Malcolm H. Furbush for Appellant.

Edmund G. Brown, Attorney General, James E. Sabine and Irving H. Perluss, Assistant Attorneys General, Ernest P. Goodman and Eugene B. Jacobs, Deputy Attorneys General, for Respondent.

NOURSE, P. J.—The Pacific Gas and Electric Company, hereinafter called the Company, appeals from a judgment denying its action for refund of sales tax paid in the amount of $324,953.94 plus interest, on the ground that said action was barred by the provisions of section 6933 of the Revenue and Taxation Code. Said section requires the court action to be brought by the claimant within 90 days after the mailing of the notice of the State Board of Equalization's action upon the claim and provides further: "Failure to bring action within the time specified constitutes a waiver of any demand against the State on account of alleged overpayments." It is undisputed that a notice of disallowance of claim for refund was mailed by the State Board of Equalization, hereinafter called the Board, on May 7, 1951, that it was received at the Company's principal office at 245 Market Street in San Francisco on May 8th and that on May 8th and 9th the general auditor, the comptroller and two other employees of appellant took notice of it. It was, however, not communicated to appellant's tax department or outside counsel. This suit was filed on November 2, 1951.

Appellant contends that the notice was not valid and effective to start the running of the above limitation period of 90

days because it did not comply with the requirements of the applicable statutes and of constitutional due process and moreover that the Board was estopped to assert the bar of the above 90 days' limitation. Section 6906, Revenue and Taxation Code, provides: ''Within 30 days after disallowing any claim in whole or in part the board shall serve notice of its action on the claimant in the manner prescribed for service of notice of a deficiency determination.''

Section 6486 of said code reads: ''The board shall give to the retailer or person storing, using, or consuming tangible personal property written notice of its determination. The notice may be served personally or by mail; if by mail, service shall be made pursuant to Section 1013 of the Code of Civil Procedure and shall be addressed to the retailer or person storing, using, or consuming tangible personal property at his address as it appears in the records of the board. In case of service by mail of any notice required by this part, the service is complete at the time of deposit in the United States post office.''

Section 1013 Code of Civil Procedure provides in part: ''In case of service by mail, the notice or other paper must be deposited in the United States post office, or a mail box, subpost office, substation, or mail chute, or other like facility regularly maintained by the Government of the United States, in a sealed envelope, with postage paid, addressed to the person on whom it is to be served, at his office address as last given by him on any document which he has filed in the cause and served on the party making service by mail; otherwise at his place of residence. The service is complete at the time of the deposit. . . . ''

█ Appellant first contends that the above sections require the notice to be addressed to the designated representatives of the Company, its counsel of record. It is argued that to serve notice on a corporation it must be brought to the attention of a specific natural person authorized to receive the notice, in this case the counsel mentioned on appellant's petition for redetermination and its claim for refund. The above sections do not so provide. They permit service by mail ''addressed to the retailer or person storing, using, or consuming tangible personal property at his address as it appears in the records of the board.'' █ The meaning of one's address is the place to which mail can be sent to one, the place where one lives. (Webster's New World Dictionary.) It is normally the actual residence. █ A corporation's resi-

dence is generally deemed to be where its principal place of business is (*Partch* v. *Adams*, 55 Cal.App.2d 1, 6 [130 P.2d 244]). Thus the corporation as such has an address and a provision for service by mail addressed to the address of the one to be served can be literally applied to a corporation in the same manner as to a natural person. ▇ Rules relating to personal service on a corporation have no application to such statutory substituted service by mail. The address of the corporation to which the notice is to be directed is complete without the name of the agent who acts for the corporation in the specific matter involved. ▇ When the notice is mailed correctly directed to the corporation as such at its own address, the service is completed and whether it reaches the specific agent or division which must act on it is the risk of the addressee corporation and depends on its care. In this case it is conceded that the address to which the notice was addressed was that of appellant's principal office.

▇ Appellant next contends that because section 6906, *supra*, requires service of notice "on the claimant" this means on the claimant as such at the address which appears in the records of the Board on the claim for refund. The contention is wholly without merit. The "claimant" in section 6906 and the "retailer" etc. in section 6486 are descriptive of the same party in interest, here the Company. Appellant's claim for refund states, at the top, names and addresses of counsel, as pleadings often do, but such addresses of counsel do not normally constitute the address of the party, if they are not expressly designated as such. The facts in this case make it especially clear that appellant did not designate another address as its own, than its main office address at 245 Market Street. The names and addresses of counsel at the head of the claim for refund read:

"Chaffee E. Hall
351 California Street
San Francisco 4, California
GArfield 1-2470
Robert H. Gerdes
Richard H. Peterson
John A. Sproul
245 Market Street
San Francisco 6, California
SUtter 1-4211"

The claim for refund was transmitted to the Board by a

letter signed by Robert H. Gerdes which letter bears the letterhead:

"Pacific Gas and Electric Company
245 Market Street
San Francisco, California"

It also contains in small print the name of Mr. Gerdes as general counsel and of 10 associate attorneys among whom are Messrs. Peterson and Sproul. From the above the only sensible conclusion the Board could make was that 245 Market Street was the address of the Company and of the members of its legal staff which acted as counsel and that 351 California Street was the address of the outside counsel Mr. Hall. If the matter presented any question of fact it was resolved against appellant by the finding: "The Notice of Denial of Refund was mailed on May 7, 1951, to the retailer, the Company, at its main office and its address as shown on the records of the Board, 245 Market Street, San Francisco, California." As sections 6906 and 6486 provide for notice by mailing addressed to the party and not to its counsel, the above manner of addressing was the correct one. The sections do not contain any indication of a duty to mail to more than one address for one party, as also contended by appellant.

Appellant further relies on the words in section 1013 Code of Civil Procedure: "addressed to the person on whom it is to be served, at his office address as last given by him on any document which he has filed in the cause and served on the party making service by mail; otherwise at his place of residence." As we have held that appellant did not give on any document as its office address an address other than 245 Market Street, and that that address is also the place of appellant's residence (principal place of business) and its address as shown on the records of the Board, the point is without importance and we need not decide what relation exists between the quoted provision of section 1013 Code of Civil Procedure and the provision of section 6486 Revenue and Taxation Code that the notice should be addressed to the party "at his address as it appears in the records of the board."

Appellant next contends that to the notice in this case is applicable the provision of section 1015 Code of Civil Procedure which provides that in all cases where a party has an attorney in an action or proceeding, the service of papers, when required, must be upon the attorney instead of the party, except certain papers not here involved. This is not so. Sec-

tion 6486 Revenue and Taxation Code provides for service by mailing to the address of the party and refers to section 1013 Code of Civil Procedure, which also provides for service by mailing to the address of the party, but it does not refer to section 1015 Code of Civil Procedure, which provides for service on the attorney of record. The latter provision inconsistent with the provision specifically governing the service of notice in this case cannot be applicable. In *Lyydikainen* v. *Industrial Acc. Com.*, 36 Cal.App.2d 298 [97 P.2d 993], which case held section 1015 applicable to mailing of papers in proceedings before the Industrial Accident Commission, there were references to the whole chapter in which section 1015, *supra,* is contained so that it was made directly applicable, and there were no conflicting provisions.

We find nothing unreasonable or against common sense or good faith in a construction of the statute which upholds the addressing of an important paper to the address of appellant's main office, which is also the office of its legal staff. That the notice did not reach that staff or appellant's outside counsel although it was correctly delivered, seems the fault of appellant and its employees only.

█ Appellant predicates the invalidity of the notice also on alleged defects in its content, to wit that it did not contain a proper designation of the transaction to which the Board's decision related as contained in the caption of the claim for refund, and because the notice was not dated. There is no statutory provision regulating requirements of form or content of such notice. With respect to the comparable notice of entry of judgment it has been held that any notice in writing which will convey to a losing party that the judgment has been entered is sufficient. (*Bank of America* v. *Superior Court*, 115 Cal.App. 454, 457 [1 P.2d 1081].) The notice identified the matter as "the claim for refund filed by Pacific Gas and Electric Company, 245 Market Street, San Francisco, California in the amount of $324,953.94," and notified appellant that on Wednesday, April 18, 1951, its claim for refund under the Sales and Use Tax Law, in said amount, was denied. There can be no doubt that for appellant the amount set forth clearly and specifically identified the claim which was denied and that in that respect the notice was sufficient in law. Insofar as in this respect any matter of fact was presented the court below found in subtance that the notice was reasonably certain to give the Company the required information, which finding is supported by the text and circumstances of the communication.

There is no statutory requirement that the notice be dated and the failure to start the action timely was evidently not caused by the lack of a date.

We hold that the statutory method of service of a notice of disallowance of claim by mailing addressed to the party, as here applied to the Company, is just and reasonable and satisfies due process and that, although addressing a notice to counsel contrary to or in excess of the statutory requirements might in this case have prevented the injury, due process did not require respondent to take such a measure, the less so because the manner in which the injury occurred was not readily foreseeable, and was caused by the lack of care of appellant's employees. With respect to the content of the notice appellant is not entitled to raise the constitutional question of due process because its rights were not injuriously affected by any alleged defect in the content, but only by the fact that the notice did not reach its counsel. (*American Distilling Co.* v. *Johnson*, 132 Cal.App.2d 73, 80 [281 P.2d 598]; 11 Cal. Jur. 2d, Constitutional Law, § 68.)

Appellant contends that the Board was estopped from relying on the 90 days' limitation from the mailing of its notice, because the notice was not given according to the precedent established by the Board of sending a copy of a notice, properly dated and informative, to appellant's outside counsel Mr. Hall. There is no merit whatever in this contention. The existence of facts constituting an estoppel was rejected in the findings. The existence of an estoppel is a question of fact" (*Parke* v. *Franciscus*, 194 Cal. 284, 297 [228 P. 435]). Unless the opposite conclusion is the only one which can reasonably be drawn from the facts, the finding of the trial court is binding on this court. The evidence does not show conclusively or at all the establishing by the Board of a precedent as to the giving of notice on which appellant was entitled to rely and on which it relied to its detriment. The Board had sent the notice of deficiency determination, which gave rise to the controversy, to the Company at its Market Street address; it had acknowledged receipt of the Company's petition for redetermination addressed to Richard H. Peterson, Associate Attorney, Pacific Gas and Electric Company at the Market Street address; it had sent the notice of hearing on said petition to the Company at its Market Street address; it had addressed the ribbon copy of the notice of redetermination denying said petition to the Company, at its Market Street address, indicating on it that a carbon copy was being sent to the attor-

ney Mr. Hall at his address and the carbon copy had been sent to Mr. Hall with an explanatory letter; the Board had acknowledged receipt of the Company's claim for refund to the Company at its Market Street address. It cannot be said that, because the Board had once sent a copy of a notice to the Company's outside attorney, mentioning on the notice to the Company itself that such was being done, the Company could rely on such copy being sent also when the notice of denial of claim for refund which the Company received at its office did not mention the sending of such copy. There is, moreover, no evidence that the high employees of the Company who took notice of the denial of the claim of refund failed to communicate it to the Company's attorneys because of their reliance on the sending of such copy. We held earlier that the alleged defects in the content of the notice could not be held responsible for said failure.

 As another ground of estoppel appellant proposes the following facts:

When in July, 1951, Mr. Carr, the manager of the Company's Tax Department, not knowing of the disallowance having been decided and noticed, inquired from the secretary of the Board, Mr. Pierce, whether he had any objection to Mr. Carr's speaking to the members of the Board concerning the placing of the claim for refund on the calendar, so that it would be taken up immediately, Mr. Pierce said that he had no objection. When thereafter on July 16, 1951, Mr. Carr informally met three members of the Board in a hotel in Sacramento, Mr. Bonelli, one of the members of the Board, who had not been present at the denial of the claim for refund, stated that at any time the Company wanted the Board to exhaust the administrative remedy in order that the Company could go to court, the Board would be glad to do so. The other two members of the Board present acquiesced in Mr. Bonelli's statement. Mr. Carr did not discuss the status of the claim for refund with the Sales Tax Administrator or any other member of the staff of the Sales Tax Division of the Board. The rejection of any estoppel by the trial court is conclusive of this point as well as of the prior one. It cannot be said that no other conclusion from the above facts is possible than that they cause an estoppel. Litigants normally do not rely and are not necessarily entitled to rely for the time of exercising their remedies on implications of informal conversations with Board members. The trial court could reasonably conclude that the failure to timely start the court

action was not caused by any reliance on the stated conversation but by reliance of appellant's counsel on the fact that they had not received notice of disallowance of claim. It is also doubtful whether such informal utterances should be considered as acts of and binding on the Board as such.

As we are bound by the decision of the trial court that there was no factual basis for any estoppel, we need not decide whether facts which normally cause an estoppel could, if proved, have overcome the limitation provision of section 6933 of the Revenue and Taxation Code.

Judgment affirmed.

Dooling, J., and Kaufman, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 17, 1955. Edmonds, J., was of the opinion that the petition should be granted.