No. 13556

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

---

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

DUANE STUIT,

Defendant and Appellant.

---

Appeal from: District Court of the Third Judicial District,
Honorable Robert J. Boyd, Judge presiding.

Counsel of Record:

For Appellant:

Greg J. Skakles argued, Anaconda, Montana

For Respondent:

Honorable Mike Greely, Attorney General, Helena, Montana
Denny Moreen argued, Assistant Attorney General, Helena,
Montana
James J. Masar, County Attorney, Deer Lodge, Montana

---

Submitted: January 30, 1978

Decided: MAR 22 1978

Filed: MAR 22 1978

Thomas J. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court:

Duane Stuit an inmate of Montana state prison was convicted by jury verdict for the crime of escape, a felony in violation of section 94-7-306, R.C.M. 1947. The District Court, Powell County, ordered defendant be punished by confinement in Montana state prison for 10 years. Defendant appeals from the judgment of conviction.

On February 13, 1976, defendant, while in the lawful custody of Montana state prison, fled the confines of the prison and made his way to Colorado Springs, Colorado, where he surrendered himself to local authorities five days after his escape. On March 18, 1976, the county attorney for Powell County filed an Information charging defendant with the crime of escape. Defendant entered a plea of not guilty and relied on the defense of justification for escape due to necessity, duress or fear of great bodily harm, as set out in section 94-3-110, R.C.M. 1947.

The crux of Stuit's defense lies in the contention his escape from Montana state prison was necessitated by his failure to obtain adequate medical attention. Defendant's right eye had been removed as a result of a childhood injury. In its place a prosthesis or glass eye was installed. While an inmate at Montana state prison defendant contracted a staph infection in his right eye. Prison medical staff doctors and specialists were provided for treatment of the infection. A treating physician recommended arrangements be made to secure a new prosthesis for defendant. The prison warden testified that a new prosthesis could only be obtained in Spokane, Washington at that time, but the necessary equipment would soon be available in Montana.

Defendant contends the fear of infection spreading from the right eye to the left eye and the potential for loss of sight in his left eye necessitated his escape in order to obtain necessary medical care.

Defendant raises two issues on appeal:

1) Whether the District Court erred in restricting defendant's voir dire by precluding defense counsel from questioning prospective jurors on their attitute toward the defense of justification?

2) Whether the District Court erred in its instructions to the jury?

Defendant contends the District Court's limitation on the scope of voir dire questioning of prospective jurors denied defendant the right to trial by an impartial jury as guaranteed by Art. II, Section 24, 1972 Montana Constitution and the Sixth Amendment to the United States Constitution. The specific instances of purported error involved the state's objections to defense counsel's voir dire questioning of prospective jurors. The state objected on the grounds the questions propounded were irrelevant, misstated the law and counsel was arguing the case to the jury. The District Court sustained the state's objections.

Upon reviewing the transcript of jury voir dire, we conclude the District Court did not err in sustaining the state's objection. The court's ruling merely precluded defense counsel from arguing the case to the jury during voir dire. Defense counsel was not restrained from questioning jurors on the defense of justification. The purpose of voir dire is to enable counsel to determine the existence of bias and prejudice on the part of prospective jurors and to enable counsel to intelligently exercise his peremptory challenges. State ex rel. Stephens v. District Court, (1976), ___Mont.____, 550 P.2d 385, 33 St.Rep. 469. This purpose was not undermined in the present case.

In his second issue defendant challenges the District Court's instructions to the jury. Defendant contends Instruction Nos. 15 and 16, in essence, directed a verdict of guilty and placed upon defendant the burden of proving his defense. Instruction No. 15 stated:

> "A person subject to official detention commits the offense of ESCAPE if he knowingly or purposely removes himself from official detention."

Instruction No. 16 stated:

> "To sustain the charge of ESCAPE, the State must prove that each element of the offense was done purposely or knowingly."

Instruction No. 15 merely defines the crime of escape in the language of section 94-7-306(2), R.C.M. 1947. Instruction No. 16 establishes the state's burden of proof which is to establish the mental state for each element of the crime of escape, as provided in section 94-2-103(1), R.C.M. 1947. We fail to conclude these instructions amount to a directed verdict of guilt or impose upon the defendant the burden of proving his defense. Other instructions given to the jury set forth the defense of necessity or justification. Instruction No. 12 specifically provided:

> "The Defendant has presented evidence showing that he acted out of necessity or justification. The Defendant does not have a burden of proof to sustain this defense. If his evidence raises a reasonable doubt as to his guilt, he is entitled to acquittal. He is not obliged to establish this defense beyond a reasonable doubt, or even by a preponderance of the evidence. The prosecution must prove his guilt beyond a reasonable doubt."

Defendant contends given Instruction No. 12A, (1) erroneously placed an affirmative burden on defendant to prove his defense of justification, and (2) erroneously required that defendant be faced with a specific threat of death or substantial

- 4 -

bodily injury in the immediate future to be justified in his escape, thus imposing an objective standard rather than a subjective standard. Instruction No. 12A stated:

"You are instructed that the defense of necessity or justification is available only if the following conditions existed at the time of the escape:

"(1) The Defendant was faced with a specific threat of death, or substantial bodily injury in the immediate future.

"(2) There is no time for a complaint to the authorities or there exists a history of futile complaints which make any result from such complaint illusory.

"(3) There is not time or opportunity to resort to the Courts.

"(4) The prisoner immediately reports to the proper authorities when he has attained a position of safety from the immediate threat.

"If you find from your consideration of all the evidence that all these conditions did not exist at the time of the escape, then you should find that the defense of necessity or justification is not available to the Defendant."

Instruction No. 12A is derived from a California Court of Appeals decision, People v. Lovercamp, (1974), 43 Cal.App.3d 823, 118 Cal.Rptr. 110, which articulated the elements of the limited defense of necessity as justification for the crime of escape. Lovercamp has been recently construed in another California Court of Appeals decision, People v. Condley, (1977), 69 Cal. App.3d 999, 138 Cal.Rptr. 515. In Condley the trial court instructed the jury:

"The defendant has the burden of proving by the preponderance of the evidence that necessity forced him to escape. Preponderance of the evidence means such evidence as, when weighed with that opposed to it, has more convincing force and the greater probability of truth." 138 Cal.Rptr. 519.

- 5 -

The defendant in Condley contended such an instruction

constituted reversible error because the defense of necessity

as justification for the crime of escape is of the type of

> "' * * * defenses asserted by an accused which
> raise factual issues collateral to the question
> of the accused's guilt or innocence and do not
> bear directly on any link in the chain of proof of
> any element of the crime. Among such defenses are
> those which raise no challenge to the sufficiency
> of the prosecution's proof of any element of the
> crime charged, but for reasons of public policy
> insulate the accused notwithstanding the question of
> his guilt.' (People v. Tewksbury, supra, 15 Cal.3d
> 953, 963-964, 127 Cal.Rptr. 135, 142-143, 544 P.2d
> 1335, 1342-1343.)" 138 Cal.Rptr. 520.

The California Court then went on to conclude in Condley:

> "* * * the Lovercamp defense is founded upon public
> policy and provides a justification distinct from
> the elements required to prove escape. Therefore,
> the trial court correctly instructed the jury that
> the defendants had the burden of proving the defense
> by a preponderance of the evidence." 138 Cal.Rptr. 522.

We hold that under Montana law the defense of justification is

an affirmative defense which must be proved by the defendant

by a preponderance of the evidence.

In the present case, Instruction No. 12 provides that

defendant, in asserting the defense of necessity or justifica-

tion, is entitled to acquittal if the evidence he presents merely

raises a reasonable doubt as to his guilt. Instruction No. 12

goes on to specifically provide defendant "is not obligated to

establish this defense beyond a reasonable doubt, or even by

a preponderance of the evidence." The burden of raising a

reasonable doubt as to guilt is far less than the burden of

proving the defense by a preponderance of the evidence, which

is the standard approved by California. We fail to find

defendant's argument in this area persuasive.

Defendant also contends Instruction No. 12A erroneously required that defendant be faced with a specific threat of death or substantial bodily injury in the immediate future in order to be justified in his escape, thus imposing an objective standard rather than a subjective standard. This same issue was addressed by the California Court of Appeals in Lovercamp and Condley:

> "Under the limited circumstances described in Lovercamp, when the defendant's decision to escape is objectively the 'only viable and reasonable choice available' we excuse the offense as being justified under the circumstances. It would be ludicrous to apply a subjective standard to determine whether the defendant's escape is justified as being the only viable and reasonable choice. These terms themselves connote an objective standard. As noted in Lovercamp, 'It is hardly earth shattering to observe that prisons are not Brownie Camps and that within the inmate population are those who, if given the opportunity, will depart without due process of law.' (Id., at p. 826, 118 Cal.Rptr., at p. 111) Were we to adopt a subjective standard to establish the elements of the Lovercamp defense, it would take little imagination on the part of any inmate to claim that the prison milieu itself creates, subjectively, the requisite elements of the Lovercamp defense." People v. Condley, 69 Cal.App.3d 999, 1011, 138 Cal.Rptr. 515, 521.

We are in agreement with the objective standard imposed by the "Lovercamp instruction" in determining whether a defendant's escape is justified.

The judgment of the District Court is affirmed.

Gene B Daley
/Justice.

We Concur:

Frank J. Haswell
Chief Justice

John Conway Harrison
Daniel J. Shea
Justices.

- 7 -