[No. 4430-1-III.   Division Three.   June 15, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. DONALD
RICHARD MORGAN, *Appellant.*

*Terence M. Ryan* and *Parkins & Ryan,* for appellant.

*Philip Borst, Prosecuting Attorney,* for respondent.

ROE, J.—Donald Richard Morgan appeals from a conviction of obtaining a legend drug by the giving of a false address. He challenges the sufficiency of the evidence and the propriety of the prosecutor's comments during closing argument.

The test on appeal from a challenge to the sufficiency of the evidence requires that we determine whether,

after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Theroff,* 95 Wn.2d 385, 622 P.2d 1240 (1980); *State v. Green,* 94 Wn.2d 216, 616 P.2d 628 (1980).

The prosecution produced the following witnesses and testimony:

1. Wu–Yen Chen, a medical doctor practicing in Odessa, prescribed Ritalin, a legend drug, for Morgan on September 17 and 19, 1980. On September 17, Morgan provided Dr. Chen's employee with an address of "General Delivery, Odessa, Washington".

2. An Odessa pharmacist testified that on September 19, 1980, Morgan gave him an Othello address.

3. Dr. Chen also prescribed Ritalin on October 2 and October 16, 1980. On October 2, Morgan gave an address to the Odessa pharmacist of "General Delivery, Odessa".

4. Dr. Chen's employee, an Odessa pharmacist, and the Odessa postmaster testified they had seen Morgan in the Odessa area, but only on the days of their contacts concerning the drug. The postmaster indicated he was not aware if Morgan had obtained any mail at the general delivery address.

Morgan was charged with using the false address, *i.e.,* Odessa, to obtain the drug on October 2, 1980. RCW 69.41-.020(1)(d). He was not charged with giving Othello as the false address. He did not testify nor did he call any witnesses in defense.

■ Address is defined as the "[p]lace where mail or other communications will reach person. . . . Generally a place of business or residence." Black's Law Dictionary 60 (4th rev. ed. 1968); *see also Pacific Gas & Elec. Co. v. State Bd. of Equalization,* 134 Cal. App. 2d 149, 285 P.2d 305, 307 (1955). An address is not domicile, *Taylor v. Taylor,* 168 Conn. 619, 362 A.2d 795, 797 (1975), and is the place where mail or other communications will reach a person and may be other than a person's residence. *Ridge v. Boulder Creek Union Jr.–Sr. High Sch. Dist.,* 60 Cal. App. 2d

453, 140 P.2d 990, 992 (1943); *Munson v. Bay State Dredging & Contracting Co.,* 314 Mass. 485, 50 N.E.2d 633, 636 (1943). Thus, the general delivery address given by Morgan is an address.

Whether it is a false address is the question to be decided. It does not follow that because no mail had been delivered to Morgan at the general delivery address, it was a false address. The prosecutor did not prove the address false, only that Morgan had not received any mail there. The evidence that the defendant gave Othello as an address 2 weeks before does not prove the Odessa address is false. It could be more probable the Othello address was false because the Odessa address was more consistently given, but that was not the charge. The fact that Morgan may have given two different addresses at two different times does not prove one is false. People do move and change addresses.

The evidence presented by the prosecution did not prove this essential element beyond a reasonable doubt, and we therefore reverse. This opinion does not render it impossible for a general delivery address to be a false address, since it could be one of several given on the same day, or a person could be living at a different address. But such facts were not shown here, nor was there any showing that Morgan intended to give a false address.

Because of our resolution of this issue, we need not reach the defendant's other contentions. The evidence is insufficient and therefore the case is dismissed.

McINTURFF, C.J., and GREEN, J., concur.