No. 85-105

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

———————————————

STATE OF MONTANA,

           Plaintiff and Respondent,

   -vs-

KENNETH C. STRANDBERG,

           Defendant and Appellant.

———————————————

APPEAL FROM:  District Court of the Eighth Judicial District,
             In and for the County of Cascade,
             The Honorable Joel G. Roth, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Julie A. Macek, Public Defender, Great Falls, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Kimberly A. Kradolfer, Asst. Atty. General, Helena
        Patrick L. Paul, County Attorney, Great Falls, Montana
        Barbara Bell, Deputy County Attorney, Great Falls

———————————————

                Submitted on Briefs: July 24, 1986

                    Decided:   September 8, 1986

SEP 8 1986

Filed:

*Ethel M. Harrison*
————————————————————
                Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Defendant Kenneth Strandberg appeals his August 28, 1984, jury conviction in the Eighth Judicial District Court, County of Cascade, on one count of felony escape. We affirm.

On February 13, 1984, defendant was confined in the Cascade County Jail following his arrest on the charge of felony theft. Defendant was placed in the position of trustee which allowed him greater freedom in the facilities and required the performance of certain duties. On February 24, 1984, defendant struck another trustee in response to a racial slur directed at defendant. Defendant did not report the incident. However, one of the jailers questioned him about it and defendant replied that his problems with the other trustee were not serious.

On February 25, 1984, defendant walked away from the Cascade County Jail. An arrest warrant was issued and an information filed charging defendant with felony escape.

On May 25, 1984, the Cascade County Sheriff's Department received an anonymous tip that defendant was hiding at 1712 Colorado Avenue in Black Eagle. That same day officers searched the residence and found defendant hiding in a bedroom closet. The record does not indicate who was in legal possession of the residence, nor whether the officers had obtained a search warrant. Defendant was arrested and charged with escape pursuant to § 45-7-306, MCA.

Defendant was represented by Art Tadewaldt, a Cascade County public defender, until July 3, 1984. On that date, defendant's case was transferred to another public defender, Joe Engel. Engel appeared with defendant at the omnibus hearing on August 2, 1984, at which time defendant indicated he did not wish to be represented by anyone from the public defender's office. Trial was scheduled for August 28, 1984.

2

Engel attempted to meet with defendant several times prior to trial but defendant refused to see him. The County Attorney offered a plea bargain agreement which Engle forwarded to defendant. The matter came on for trial August 28, 1984. Engel informed the district judge that he was not familiar with the case due to defendant's failure to cooperate. The district judge questioned defendant whether he desired to represent himself, to which defendant responded, "I might as well, because I'm not satisfied with the public defender's services."

Trial was commenced with defendant acting pro se, and Engel present to assist if necessary. Engel conducted voir dire of the potential jurors, raised objections throughout the trial, assisted defendant in admitting evidence, participated in the selection of jury instructions, and delivered the summation. Defendant waived his opening statement, but conducted cross-examination of each prosecution witness, and called two witnesses to testify on his behalf. Additionally, defendant took the stand to testify.

Defendant presented the defense of justification, claiming that he had been threatened by the other trustees and escaped to procure his own safety. However, the jail supervisor, and one of the jailers, each testified that defendant did not report concern for his own safety prior to his escape, nor did defendant contact anyone at the jail subsequent to his escape. The jury found defendant guilty of felony escape. Defendant appeals and raises the following issues:

1) Whether defendant was afforded effective assistance of counsel?

2) Whether the District Court's refusal to grant a continuance was an abuse of discretion?

3

Prior to commencement of the trial, defendant informed the district judge that he was not satisfied with the services of the public defender's office, yet he was indigent and could not afford an attorney. Defendant further stated that he would represent himself. The district judge permitted the trial to go on as scheduled, with Engel present to assist defendant if necessary.

Defendant contends he did not assert his right to self-representation, nor did he knowingly waive his constitutional right to effective assistance of counsel. We do not agree. Defendant's statements to the district judge prior to trial amount to an assertion of his right to self-representation. Defendant admitted that his indigency precluded his having a private attorney, and yet he was not satisfied with anyone in the public defender's office. The district judge, although not required to do so, permitted defendant to act pro se with Engle's assistance. Nothing more could be done.

A review of the trial transcript reveals that defendant raised the only possible defense available to him, which was justification. In State v. Stuit (1978), 176 Mont. 84, 576 P.2d 264, this Court held that four conditions must exist at the time of escape for justification to be an available defense:

> 1) The defendant was faced with a specific threat of death, or substantial bodily injury in the immediate future.
>
> 2) There is no time for a complaint to the authorities or there exists a history of futile complaints which make any result from such complaints illusory.
>
> 3) There is not time or opportunity to resort to the courts.
>
> 4) The prisoner immediately reports to the proper authorities when he has attained a position of safety from the immediate threat.

In Stuit, we adopted an objective standard which requires defendant to establish by a preponderance of the

4

evidence that escape is <u>objectively</u> the only viable and reasonable choice available under the circumstances. 176 Mont. 90, 576 P.2d 267.

Defendant testified that another trustee had threatened him the day prior to his escape. Defendant did not complain nor voice concerns about his safety to anyone. In fact he denied having serious problems with the other trustees when questioned by one of the jailers. Defendant testified he had done some amateur boxing and had won other fights he'd been in while incarcerated. Viewed objectively defendant was not facing a specific threat of death, or substantial bodily injury. Additionally, the evidence was weak that conditions (2) and (3) were met, and it is undisputed that condition (4) was not met.

Defendant contends that his public defender should have filed a motion to suppress evidence on grounds that the arresting officers had no search warrant at the time of his arrest. The circumstances surrounding defendant's arrest at the residence are not in the record, and a claim that a search warrant was necessary is mere speculation.

Defendant's claim of ineffective assistance of counsel has absolutely no merit. First, a defendant who refuses to cooperate in his own defense cannot argue he was afforded ineffective assistance of counsel. State v. Long (Mont. 1983), 669 P.2d 1068, 1072, 40 St.Rep. 1493, 1498. Secondly, the method in which defendant's defense was conducted was not so deficient as to show any prejudice to defendent. There is substantial evidence in the record supporting the jury verdict. To show prejudice, a defendant must show that, but for counsel's unprofessional errors, there was a reasonable probability that the result of the proceeding would have been different. State v. Robbins (Mont. 1985), 708 P.2d 227, 232, 42 St.Rep. 1440, 1444.

Next, defendant asserts the district judge erred in refusing to grant a continuance. We do not agree. Pursuant to § 46-13-202, MCA, the trial court has discretion whether to grant a continuance. Section 46-13-202(3), MCA, specifically provides that the trial court shall consider the diligence shown on the part of the movant. In this case, an order setting the trial date for August 28, 1984, was sent to defendant on July 2, 1984. Defendant appeared at his omnibus hearing approximately four weeks prior to trial.

Defendant moved for a continuance on the morning of trial. This Court has previously ruled that moving for a continuance on the morning of trial does not show diligence on the part of the movant. State v. Klemann (Mont. 1981), 634 P.2d 632, 634, 38 St.Rep. 1627, 1629. We find no abuse of discretion by the trial court in refusing to grant a continuance in this instance.

The District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

6