JUSTICE TRIEWEILER
specially concurring.
I concur with Issues 2 and 3 of the majority opinion.
I specially concur with the result of Issue 1 of the majority’s opinion, but disagree with the majority’s reason for arriving at that result.
Specifically, I disagree that the common law defense of necessity is subsumed in and eliminated by the statutory defense of compulsion set forth at § 45-2-212, MCA. To the extent that City of Helena v. Lewis (1993), 260 Mont. 421, 860 P.2d 698, holds otherwise, I would reverse that decision.
*51 In State v. Ottwell (1989), 240 Mont. 376, 784 P.2d 402, we recognized the common law defense of necessity and characterized it as follows:
The necessity defense has also been characterized by situations in which the defendant faced a choice between two evils. In this type of case, defendants argued that they were justified in breaking the law to prevent a greater harm than the law was intended to cure. Thus, in one case, the defendants claimed necessity as a defense to charges of smuggling Laetrile into the United States to treat cancer patients. United States v. Richardson (9th Cir. 1978), 588 F.2d 1235, 1239, cert. den. [(1979)] 440 U.S. 947, 99 S.Ct. 1426, 59 L.Ed.2d 636. In another, a defendant who felt a moral obligation to fhistrate United States military efforts in Southeast Asia claimed necessity as a defense to charges of burning Selective Service System records. United States v. Simpson (9th Cir. 1972), 460 F.2d 515, 517-18.
Ottwell, 784 P.2d at 403-04.
While Ottwell did not pertain to a situation where a law was broken to prevent harm to a third person, this Court did hold that the codification of the defense of compulsion did not preclude retention of the defense of necessity under other circumstances. We retained the defense of necessity as it pertains to prisoners charged with escape. We held as follows:
We conclude that the compulsion statute and necessity doctrine of [State v.] Strandberg [(1986), 223 Mont. 132, 724 P.2d 710,] do not provide mutually exclusive defenses; they are complimentary. Strandberg is merely an application of the compulsion statute tailored to the circumstances of prison escapes. "When dealing with prison escapes, therefore, Strandberg provides the appropriate analysis.
Ottwell, 784 P.2d at 405.
Likewise, I conclude that the compulsion statute and the common law doctrine of necessity, as it pertains to the defense of third persons, are not mutually exclusive and would retain that common law doctrine. For that reason, I disagree with the majority’s conclusion under Issue 1.
However, in spite of my conclusion that the common law doctrine of necessity is a viable affirmative defense in Montana, I also conclude that the defense was inapplicable to the facts in this case.
The defense of necessity applies where someone violates the law to avoid the threat of harm to another. In this case, defendant was *52 charged with burglary for knowingly entering and remaining in Cellblock D for the purpose of engaging in a riot. However, defendant denied that he entered Cellblock D for the purpose of engaging in a riot. His contention is that he entered Cellblock D only for the purpose of protecting an inmate who resided there. Therefore, by his own testimony, he did not violate the law to avoid the threat of harm to another, and the defense of necessity was not applicable in this case. For these reasons, I would affirm the District Court’s refusal to give defendant’s proposed instructions on the defense of necessity.