IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                    Respondent,<br><br>          v.<br><br>FRANKLIN DEAN WHITEMAN JR.,<br><br>                    Appellant. | No. 87693-7-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

SMITH, J. — Franklin Whiteman was found guilty of second-degree burglary in Snohomish County Superior Court. Prior to Whiteman's conviction in Washington, he was convicted in Montana of burglary and escape. The trial court included both Montana convictions in Whiteman's offender score, increasing his sentence from 16 to 33 months. Because Whitman's burglary conviction is factually comparable to Washington's burglary statute and Montana's escape statute is legally comparable to Washington's equivalent statute, we affirm the trial court.

FACTS

In November 2024, Whiteman was terminated from the Snohomish County adult drug treatment court/adult recovery court program. Pursuant to the program's contract, the defendant agreed to submit to a stipulated bench trial and he was convicted as charged. Prior to Whiteman's conviction in

Washington, he was convicted of two crimes in Montana: burglary in 2012 and escape in 2016.

At the sentencing hearing in January 2025, the State submitted the following exhibits regarding Whiteman's Montana burglary conviction: judgment, affidavit and motion for leave to file information, and information. The judgment stated that Whiteman pleaded guilty to burglary felony. The information detailed that Whiteman "knowingly entered or remained unlawfully in an occupied structure with the purpose to commit an offense therein, to wit: the Defendant, unlawfully entered 2121 10th Avenue North, Billings, Yellowstone County, Montana." The State filed similar documentation for Whiteman's Montana escape conviction.

The State recommended that Whiteman's out-of-state convictions should be counted in his offender score. The sentencing court ruled that Montana's burglary statute was broader than Washington's, but Whiteman's case was factually similar by a preponderance of the evidence. Specifically, the court held that Whiteman "[pleaded] guilty to the information as filed which excluded the vehicle."

Addressing Whiteman's escape conviction, Whiteman asserted that Washington's affirmative defense of uncontrollable circumstances legally distinguishes it from Montana's escape statute. However, the court ruled that the legal prongs of Montana's and Washington's statute were legally comparable. The court held that "uncontrollable circumstances, if proved, would negate the

'willing and knowing' aspect of the statute by itself" and that is not a basis to exclude the conviction.  Both Montana convictions were included in Whiteman's offender score, and he was sentenced to 33 months.  Whiteman appeals.

ANALYSIS

Whiteman asserts that the sentencing court miscalculated his offender score when it included the Montana burglary and escape convictions because both Montana statutes are not legally comparable to a Washington felony.  The State contends that Whiteman's offender score was properly calculated because the Montana and Washington's statutes are legally and factually comparable.

This court reviews a defendant's offender score de novo.  *State v. Olsen*, 180 Wn.2d 468, 472, 325 P.3d 187 (2014).

<u>Legal Standard</u>

The Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, dictates "standard sentencing ranges calculated according to the crime's seriousness level and the defendant's offender score."  *Olsen*, 180 Wn.2d at 472.  Under RCW 9.94A.525(3), when calculating a defendant's offender score, "[o]ut-of-state convictions for offenses shall be classified according to the comparable offense definitions and sentences provided by Washington law."  The SRA requires the State "to prove by a preponderance of the evidence the existence and comparability of a defendant's prior out-of-state conviction."  *State v. Ross*, 152 Wn.2d 220, 230, 95 P.3d 1225 (2004).  An illegal or erroneous sentence "may be challenged for the first time on appeal."  *State v. Ford*, 137 Wn.2d 472, 477, 973

P.2d 452 (1999).  If the court finds that a defendant was erroneously sentenced, the court must "remand [their] case to the sentencing court for resentencing." *Ross*, 152 Wn.2d at 229.  Washington has a two-prong test to evaluate foreign convictions.  *Olsen*, 180 Wn.2d at 472.

   a.  Legal Comparability

   First, the court must compare the elements of the out-of-state crime to the Washington criminal statute in effect when the out-of-state crime was committed. *State v. Morley*, 134 Wn.2d 588, 606, 952 P.2d 167 (1998).  "If the foreign conviction is identical to or narrower than the Washington statute . . . then the foreign conviction counts toward the offender score."  *Olsen*, 180 Wn.2d at 472-473.  Washington's statute and the foreign statute do not need to be exact, the SRA requires rough comparability, not precision.  *State v. Jordan*, 180 Wn.2d 456, 465, 325 P.3d 181 (2014).  "The foreign statute establishing the offense carries with it the construction placed on it by the other jurisdiction's controlling court."  *State v. Davis*, 3 Wn. App. 2d 763, 771, 418 P.3d 199 (2018).

   b.  Factual Comparability

   If a foreign statute is broader than Washington's, the court must analyze "whether the defendant's conduct would have violated the comparable Washington statute."  *Olsen*, 180 Wn.2d at 473.  The defendant's conduct can be evaluated through " 'the indictment or information.' "  *Morley*, 134 Wn.2d at 606 (internal quotation marks omitted) (quoting *State v. Mutch*, 87 Wn. App. 433, 437, 942 P.2d 1018 (1997)).  "The key inquiry is under what Washington statute could

the defendant have been convicted if [they] *had committed the same acts in Washington.*" *State v. McCorkle*, 88 Wn. App. 485, 495, 945 P.2d 736 (1997) (emphasis added). Consistent with the United States Supreme Court's ruling in *Apprendi*,[1] Washington's Supreme Court held that "the existence of a prior conviction need not be presented to a jury and proved beyond a reasonable doubt." *In re Pers. Restraint of Lavery*, 154 Wn.2d 249, 256, 111 P.3d 837 (2005). However, "[a]ny attempt to examine the underlying facts of a foreign conviction, facts that were neither admitted or stipulated to, nor proved to the finder of fact beyond a reasonable doubt in the foreign conviction, proves problematic." *Lavery*, 154 Wn.2d at 258. The trial court's factual inquiry is limited to the details in the charging document, plea agreement, or transcript of colloquy between the judge and defendant. *State v. Thiefault*, 160 Wn.2d 409, 419-20, 158 P.3d 580 (2007).

<u>Burglary Conviction</u>

Whiteman asserts that the court erred when it included his Montana burglary conviction in his offender score because it is not legally or factually comparable. Whiteman stresses that his conviction is not factually comparable because the information does not detail whether he unlawfully entered an occupied structure other than a vehicle. The State concedes that the Montana

---

[1] The *Apprendi* United States Supreme Court held that "*except for a prior conviction,* a 'fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" *Lavery*, 154 Wn.2d at 256 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000)).

burglary statute is not legally comparable to Washington's. However, the State contends that the information reflects facts that would result in a conviction had Whiteman committed the acts in Washington.

    a. Legally Comparability

Under Montana's burglary statute, "(1) A person commits the offense of burglary if the person knowingly enters or remains unlawfully in an occupied structure and: (a) the person has the purpose to commit an offense in the occupied structure; or (b) the person knowingly or purposely commits any other offense within that structure." MONT. CODE ANN. § 45-6-204(1). Occupied structure is defined as "any building, vehicle, or other place suitable for human occupancy." MONT. CODE ANN. § 45-2-101(47). Under Washington's equivalent burglary statute, "a person is guilty of residential burglary if, with intent to commit a crime against a person or property therein, the person enters or remains unlawfully in a dwelling other than a vehicle." RCW 9A.52.025(1).

Montana's burglary statute includes unlawfully entering or remaining in a vehicle. Comparatively, Washington's statute has a narrower definition of the crime because it details that burglary is in "a dwelling other than a vehicle." RCW 9A.52.025(1). The Montana and Washington's statutes are not legally comparable because a person can be convicted of vehicle burglary in Montana but could not be in Washington.

6

b. Factually Comparability

Because the burglary statutes are not legally comparable, we look to Whiteman's conduct in his Montana burglary conviction. The State submitted the information and an affidavit and motion for leave to file information. Whiteman entered a guilty plea for his burglary charge. The State did not submit the plea and agreement to this court for review, and there were no facts proven to a finder of fact beyond a reasonable doubt. Therefore, we are limited to the facts in the information. The details in the affidavit and motion for leave to file information are unreviewable because the analysis of them would require this court to make findings of fact.

The information does not state the specific type of occupied dwelling Whiteman entered or remained in. However, the information described the dwelling as an address, stating that Whiteman "unlawfully entered 2121 10th Avenue North, Billings, Yellowstone County, Montana." *Address* is defined as "[t]he place where mail or other communication is sent." BLACK'S LAW DICTIONARY, 47 (12th ed. 2024); *see also State v. Morgan*, 32 Wn. App. 236, 237, 646 P.2d 1387 (1982) (defining *address* as the "(p)lace where mail or other communications will reach person . . . [g]enerally a place of business or residence"). The information does not indicate that it is referencing the location of a vehicle. Because the information describes the dwelling by an address, the facts of Whiteman's burglary conviction would result in a conviction under the

similar Washington statute. Whiteman's burglary conviction is factually comparable.

Escape Conviction

Whiteman contends that his Montana escape conviction was not legally comparable to Washington's escape conviction because Whiteman never admitted to any facts that would prevent him from meeting an exception under the Washington escape statute. The State asserts that the affirmative defense to Washington's escape statute is not an element of the crime, and therefore, not a factor to consider in a legal comparability analysis.

a. Comparability of the Elements

Under MONT. CODE ANN. § 45-7-306, a person commits escape if they "knowingly or purposely eludes official detention or fails to return to official detention following temporary leave granted for a specific purpose or limited time." In Washington, escape is when a person (a) "knowingly escapes from a detention facility[,]" (b) "knowingly escapes from custody" when charged with a felony, or (c) when they are "committed under chapter 10.77 RCW . . . and being under an order of conditional release, [they] knowingly leave[] or remain[] absent from the state of Washington without prior court authorization." RCW 9A.76.120(1). Our court has found that "a person who, while on work release or furlough, is not within the area where [they are] authorized to be at a particular time, or a person who has remained in an area where [they were] authorized to go beyond the time permitted [them], has escaped 'from a

8

detention facility.' " *State v. Kent*, 62 Wn. App. 458, 460, 814 P.2d 1195 (1991) (quoting *State v. Peters*, 35 Wn. App. 427, 431, 667 P.2d 136 (1983)). Montana's escape statute is similar to Washington's escape statute under RCW 9A.76.120(1)(a).

Whiteman contends that this court should consider RCW 9A.76.120(2), which allows an affirmative defense as an exception, if uncontrollable circumstances prevented the person from remaining in custody. However, our legal comparability analysis looks at the elements of the Washington and foreign statutes. Our Supreme Court has found that "[t]he focus of the comparability inquiry remains on the elements of the crimes, and not the defenses." *State v. Sublett*, 176 Wn.2d 58, 89, 292 P.3d 715 (2012) (plurality opinion). Further, "[a] statutory exception is an affirmative defense unless the statute reflects legislative intent to treat proof of the absence of the exception as one of the elements of a cause of action, or the exception operates to negate an element of the action." *Asplundh Tree Expert Co. v. Dep't of Lab. & Indus.*, 145 Wn. App. 52, 61, 185 P.3d 646 (2008). If on its face, the statute's meaning is plain, "then the court must give effect to that plain meaning as an expression of legislative intent." *Dep't of Ecology v. Campbell & Gwinn, L.L.C.*, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002).

RCW 9A.76.120(2) states, "it is an affirmative defense to a prosecution under this section that uncontrollable circumstances prevented the person from remaining in custody." The statute plainly states that uncontrollable

9

circumstances is an affirmative defense. Uncontrollable circumstances under RCW 9A.76.120(2) is not an element of escape. Therefore, the affirmative defense cannot be considered in a comparability analysis.[2]

Even if this court reviewed the statutes' exceptions or defenses as Whiteman contends, Washington and Montana's escape statutes are still legally comparable. Montana's highest court recognizes the defense of justification to escape. *State v. Stuit*, 176 Mont. 84, 89, 576 P.2d 264 (1978) ("We hold that under Montana law the defense of justification is an affirmative defense which must be proved by the defendant by a preponderance of the evidence"). To meet a justification defense, four conditions must exist at the time of escape:

1) The defendant was faced with a specific threat of death, or substantial bodily injury in the immediate future.

2) There is no time for a complaint to the authorities or there exists a history of futile complaints which make any result from such complaints illusory.

3) There is [no] time or opportunity to resort to the courts.

4) The prisoner immediately reports to the proper authorities when [they have] attained a position of safety from the immediate threat.

*State v. Strandberg*, 223 Mont. 132, 135, 724 P.2d 710 (1986). Conversely, under Washington's escape statute, the similar defense is "that uncontrollable circumstances prevented the person from remaining in custody or in the

---

[2] Whiteman contends that Montana's escape statute is broader than Washington's equivalent because in Montana, a person could be convicted for failing to return to official detention for uncontrollable circumstances. Because we find that uncontrollable circumstances are not reviewable in a legal comparability analysis, Montana's escape statute is not broader than Washington.

detention facility or from returning to custody or to the detention facility."[3] RCW 9A.76.120(2). The person must not have contributed to the circumstances, and they must have returned "to custody or the detention facility as soon as such circumstances ceased to exist." RCW 9A.76.120(2). We find that Washington and Montana's escape statutes are legally comparable.[4] The court did not err in including Whiteman's Montana escape conviction in his offender score.

We affirm.

_____

WE CONCUR:

_Díaz, J._ _____ _Mann, J._ _____

---

[3] Uncontrollable circumstances is defined as: "[(1)] an act of nature such as a flood, earthquake, or fire, . . . [(2)] a medical condition that requires immediate hospitalization or treatment, . . . [(3)] an act of a human being such as an automobile accident or [(4)] threats of death, forcible sexual attack, or substantial bodily injury in the immediate future for which there is no time for a complaint to the authorities and no time or opportunity to resort to the courts." RCW 9A.76.010.

[4] The State asserts that even if the sentencing court erred by looking to exhibits other than the judgment and information, any error in factual comparability is harmless. This is harmless error only if legal comparability is found.