[No. 41562-0-I.    Division One.    May 3, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. MARTIN
EUGENE PICKETT, *Appellant*.

*Thomas M. Kummerow* of *Washington Appellate Project*,
for appellant.

*James H. Krider, Prosecuting Attorney*, and *Seth Aaron
Fine, Deputy*, for respondent.

GROSSE, J. — The State of Washington requires convicted

sex offenders to register with the county sheriff, and to provide the sheriff with a residence address. But, Martin Pickett was homeless. The registration statute neither provides a way of registering for homeless individuals who have no permanent place of residence nor requires that all such offenders establish a residence upon release. Thus, there is insufficient evidence to support Pickett's conviction for failure to register. Further, Pickett proved by a preponderance of the evidence the affirmative defense that he did not have a residence address and did not know the location of any new residence before moving from his former address. We therefore reverse.

## FACTS

In 1987, Martin Pickett was convicted of first degree rape. He registered as a sex offender in Snohomish County upon release from incarceration. He notified the Snohomish County sheriff of his change of address several times thereafter. In 1996, he reported an address change to 2929 Hoyt Avenue, at the Monte Cristo Hotel in Everett, where he worked as a live-in caregiver for another person. In early February 1997, Pickett was arrested on a traffic warrant from Buckley, Washington. He was away from Everett for two weeks. When he returned his employment had been terminated and his possessions had been removed from the home of his former employer. He spent a day or two with friends and then began living on the streets.

On February 20, 1997, an Everett police officer contacted Pickett in an Everett city park and asked him about his residence. The officer knew Pickett was required to register his address as a sex offender. Pickett told the officer he no longer lived on Hoyt Street and that he was homeless, living in various city parks. He was told it was illegal to live in the city parks, but Pickett agreed that once he obtained a new residence he would re-register promptly. Shortly thereafter he went to Seattle and began living on the streets there. He testified that the most common and safest place for him to stay was in or near Westlake Park, but that it was not his exclusive location.

Pickett was arrested in Westlake Park and charged with failing to register as a sex offender in Snohomish County, between February 20 and May 6, 1997.[1] It is undisputed that Pickett was homeless during this period. Following a bench trial he was convicted and sentenced within the standard range. The trial court held that even a homeless person has an obligation to report his residence, which the court described as a flexible or elastic term, even if that residence is on the streets or under a bridge. Pickett appeals.[2]

## DISCUSSION

In order to challenge the sufficiency of the evidence, Pickett is obliged to prove that, after viewing the evidence in the light most favorable to the State, a rational trier of fact could not have found the essential elements of former RCW 9A.44.130 to have been proved beyond a reasonable doubt.[3]

Former RCW 9A.44.130(4)(a) stated:

> If any person required to register pursuant to this section changes his or her residence address within the same county, the person must send written notice of the change of address to the county sheriff at least fourteen days before moving. If any person required to register pursuant to this section moves to a new county, the person must send written notice of the change of address at least fourteen days before moving to the county sheriff in the new county of residence and must register with that county sheriff within twenty-four hours of moving. The person must also send written notice within ten days of the change of address in the new county to the county

---

[1]Pickett was charged under a former version of RCW 9A.44.130 in effect at the time of his arrest.

[2]The State failed to file written findings of fact and conclusions of law as required by CrR 6.1(d) until after the appellant's brief was filed. Pickett asserts that this court should not accept them because they were improperly tailored and do not reflect the oral opinion of the court. Further, after oral argument in this court, Pickett sought to amend his assignments of error based on the later-filed findings and conclusions. Given our decision, we need not reach these issues on appeal.

[3]*State v. Hendrickson*, 129 Wn.2d 61, 81, 917 P.2d 563 (1996).

sheriff with whom the person last registered. If any person required to register pursuant to this section moves out of Washington state, the person must also send written notice within ten days of moving to the new state or a foreign country to the county sheriff with whom the person last registered in Washington state.

Under former RCW 9A.44.130(2), a person subject to the registration requirement must provide to the county sheriff, in addition to other information, his or her name and *address*.

The State has conceded that in order to convict Pickett it had to prove that he was required to register, that he changed his residence address, and that he failed to timely send written notice to the sheriff.

██ Pickett does not dispute that the State proved he had been convicted of a sex crime requiring him to register and provide his residence address. In fact Pickett had complied with the requirement in the past. He simply states that as a homeless person, he had no residence that he could report because he lacked a fixed, regular, and adequate nighttime residence.[4] "Residence" is not defined in the registration statute. In the absence of a specific statutory definition, words used in a statute are given their ordinary meaning.[5] Residence as the term is commonly understood is the place where a person lives as either a temporary or permanent dwelling, a place to which one intends to return, as distinguished from a place of temporary sojourn or transient visit.[6] Given this definition, there was insufficient evidence that Pickett had a residence from which to register.

This is especially true in light of the definition of the

---

[4]*See Washington State Coalition for the Homeless v. Department of Soc. & Health Servs.*, 133 Wn.2d 894, 905-06, 949 P.2d 1291 (1997) (citing GOVERNOR'S TASK FORCE ON HOMELESSNESS, REPORT TO THE GOVERNOR 11 (1990) and WAC 388-49--020(37)).

[5]*See State v. Alvarez*, 128 Wn.2d 1, 11, 904 P.2d 754 (1995).

[6]WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1931 (1981).

term "homeless" as recently set forth by our State Supreme Court in *Washington State Coalition for the Homeless v. Department of Social and Health Services*.[7] There, the court determined that "homeless" is not an ambiguous term and defined it as "having no home or permanent place of residence."

Appellate courts in both California and Idaho have considered whether it is necessary to define the term "residence" in conjunction with jury instructions in cases concerning the failure to re-register as sex offenders.[8] Those courts determined that it is not necessary to define "residence" because the term is so easily understood by a person of common intelligence as connoting something more than passing through, or presence for a limited visit.

Here, the evidence is undisputed that Pickett was living on the streets, sometimes staying in parks in Everett and Seattle, sometimes on the sidewalks of downtown Seattle. Pickett's situation is not contemplated by the statute. Because "residence" and "residence address" connote some permanence or intent to return to a place, it is impossible for Pickett to comply with the statute as written.

Even if we were to determine that Pickett's duty to register continued while he was homeless and transient, he proved by a preponderance of the evidence that he did not know the location of any new residence before moving. It is an affirmative defense to the charge of failure to register that a person does not know the location of his or her new residence at least 14 days before moving.[9] At no time during the charging period did Pickett maintain a residence

---

[7] *Washington State Coalition for the Homeless*, 133 Wn.2d at 905-06.

[8] *See People v. McCleod*, 55 Cal. App. 4th 1205, 56 Cal. App. 4th 772B, 64 Cal. Rptr. 2d 545, 552-53 (1997); *State v. Zichko*, 129 Idaho 259, 923 P.2d 966, 971 (1996). (Neither case dealt with a homeless person.)

[9] Former RCW 9A.44.130(4)(b) stated:

It is an affirmative defense to a charge that the person failed to send a notice at least fourteen days in advance of moving as required under (a) of this subsection that the person did not know the location of his or her new residence at least fourteen days before moving. The defendant must establish the defense by a preponderance of the evidence and, to prevail on the defense,

address from which to register. Citing Pickett's testimony that he often stayed around Westlake Park, the State argues for an expanded meaning of "residence" and suggests that the sheriff accept registration from offenders who list such addresses as "under the bridge." But we cannot rewrite the statute, and we find the State's suggestion unrealistic and slightly absurd. The objective of registration is to allow law enforcement to remain aware of the residence of sex offenders for reasons of public notification. The statute fails however to require an offender to maintain a residence address. An offender who does not know where he will sleep can hardly give meaningful residence information to the sheriff. The failure of the statute to address this situation can be resolved only by the Legislature.

There being no evidence that Pickett had a residence, his conviction is reversed, and we remand to the trial court with instructions to dismiss with prejudice.[10]

Reversed and remanded.

KENNEDY, C.J., and ELLINGTON, J., concur.

must also prove by a preponderance that the defendant sent the required notice within twenty-four hours of determining the new address.

[10]*State v. Spruell*, 57 Wn. App. 383, 788 P.2d 21 (1990).