[No. 23314-2-II.  Division Two.  October 29, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. SAMUEL DAVID BASSETT, *Appellant*.

*Donald Boyette Lundahl*, for appellant (appointed counsel for appeal).

*John W. Ladenburg, Prosecuting Attorney*, and *Barbara L. Corey-Boulet* and *John Christopher Hillman, Deputies*, for respondent.

HUNT, J. — Samuel David Bassett appeals his conviction for failing to register as a sex offender. The trial court found Bassett guilty of failing to notify the Pierce County

Sheriff's Department of his address change as required by RCW 9A.44.130(4)(a),[1] ruling that Bassett's homelessness did not abrogate his obligation to notify the sheriff of his whereabouts. Following *State v. Pickett*, 95 Wn. App. 475, 975 P.2d 584 (1999), we reverse and dismiss the charge.

## FACTS

On May 27, 1994, Samuel Bassett was convicted of second degree child molestation. On December 12, 1995, he registered as a sex offender under RCW 9A.44.130 with the Pierce County Sheriff's Department. Thereafter, he notified the Pierce County Sheriff's Department each time he moved within the county, as required by RCW 9A.44-.130(4)(a).[2] In November 1997, Bassett moved into his sister's apartment and, once again, notified the Pierce County Sheriff's department of his address change. This is the last change of address that the sheriff's department received from Bassett.

Bassett knew that his sister was fighting eviction, but he did not know when or where he or she would move. Bassett assumed that as long as his sister was a tenant, however, he could stay in her apartment. But his sister tired of confronting the apartment manager, and she moved out.[3] About one week later, on February 10, 1998, Bassett left his belongings with neighbors and also moved out of his sister's apartment; he had no residence into which to move.

---

[1]The Legislature amended the law in 1998, which changed the section number. The current number is RCW 9A.44.130 (5)(a). LAWS OF 1998, ch. 139, § 1 (effective date June 11, 1998).

[2]When Bassett first registered, RCW 9A.44.130(4)(a) required sex offenders who moved within the same county to "send written notice of the change of address to the county sheriff *within ten days of moving.*" (Emphasis added.) The law was amended in 1996 to require sex offenders who moved within the same county to "send written notice of the change of address to the county sheriff *at least fourteen days before moving.*" LAWS OF 1996, ch. 275, § 11, (effective June 6, 1996) (emphasis added).

[3]The landlord gave Bassett's sister a 20-day eviction notice on January 9, 1998, and served eviction papers in "mid to late" January. Bassett assumed that his sister was moving to her boyfriend's residence.

He did not notify the sheriff's department that he was leaving his sister's apartment or provide a new address.

For the next 11 days, Bassett spent nights on the streets, stayed with friends in their motel rooms, and visited one friend at her house during the day. On the morning of February 21, 1998, Bassett appeared at the Biltmore Hotel in Lakewood; shortly thereafter,[4] he was arrested for failing to register as a sex offender. He was charged with and convicted for this offense.

Bassett appealed, arguing that: (1) the sex offender registration statute did not require him to register when he was homeless and had no address; (2) even if the Biltmore Hotel constituted a new residence, the statute allows 24 hours within which to register after acquiring a new address; and (3) because he had arrived at the hotel only an hour or so before he was arrested, he had not yet violated the statute.

After the parties filed their briefs on appeal, Division One addressed this issue in *Pickett*, 95 Wn. App. 475, a case involving similar facts and interpreting the same statute.[5] At oral argument, the State conceded that if we follow *Pickett*, Bassett's conviction should be reversed because the evidence was insufficient to prove that Bassett committed the crime of failing to register as a sex offender.

## ANALYSIS

■ RCW 9A.44.130(4)(a) provides:

If any person required to register pursuant to this section changes his or her residence address within the same county, the person must send written notice of the change of address to the county sheriff at least fourteen days before moving.

Agreeing with the parties that *Pickett* is well-reasoned,

---

[4]It is not clear from the record whether Bassett had actually checked in as a guest of the hotel, but apparently he had been there only an hour or two before he was arrested.

[5]Bassett briefed and argued several other issues that *Pickett* rendered moot.

we adopt Division One's rationale and incorporate it by reference.

> The registration statute neither provides a way of registering for homeless individuals who have no permanent place of residence nor requires that all such offenders establish a residence upon release.

*Pickett*, 95 Wn. App. at 476. We hold that: (1) RCW 9A.44.130(4)(a), does not require a convicted sex offender to give written notice of a "change of address at least fourteen days before moving" where the offender does not know fourteen days in advance that he will be moving and he has no known residence into which to move; and (2) living on the streets, homelessness, does not constitute a "residence" within the meaning of the statute.[6] *Pickett*, 95 Wn. App. at 476.

Bassett faithfully complied with the registration requirements until he was essentially "evicted" with his sister from her apartment. The evidence is uncontroverted that: Bassett did not know 14 days in advance that he would be moving out or where he would live next; he was homeless for 11 days after moving from the apartment; and he had been at the Biltmore Hotel for only one or two hours before his arrest.[7] We hold that under *Pickett*, the evidence is insufficient to support Bassett's conviction for failing to register as a sex offender. Reversed and dismissed.

ARMSTRONG, A.C.J., and SEINFELD, J., concur.

---

[6]We also agree with Division One that it is for the Legislature, not the courts, to rewrite the statute to require homeless convicted sex offenders to register their whereabouts with local law enforcement. *Pickett*, 95 Wn. App. at 480.

[7]RCW 9A.44.130(4)(b) establishes an affirmative defense, which allows a convicted sex offender 24 hours within which to register after moving into a new residence. Bassett's arrest soon after arriving at the hotel prevented his compliance with the registration requirement, even if the hotel could be said to constitute a new residence.