I must respectfully dissent.
In the first assignment of error, the appellant asserts that R.C.2950.05, as applied to the homeless, is punitive in nature and therefore violates the expost facto clause of the Constitution. In the second, third, and fourth assignments of error, the appellant asserts that there was insufficient evidence upon which to render a conviction. Although the Ohio Supreme Court has repeatedly upheld[1] the constitutionality of R.C. Chapter 2950, the particular question presented here is novel to this state.
In the case sub judice, the parties have agreed that the appellant is homeless. There is no dispute that the appellant did not have any notice prior to being requested to leave his previously reported residence. Attempting to fit this scenario into a statute which makes no provisions concerning the unanticipatedand unpredictable homelessness of a defendant causes some concerns.
The pertinent sections of R.C. 2950.05 state as follows:
 (A) If an offender is required to register pursuant to section 2950.04 of the Revised Code, the offender, at least seven days prior to changing the offender's residence address during the period during which the offender is required to register, shall provide written notice of the residence address change to the sheriff with whom the offender most recently registered under section 2950.04 of the Revised Code or under division (B) of this section.
 (B) If an offender is required to provide notice of a residence address change under division (A) of this section, the offender, at least seven days prior to changing the residence address, also shall register the new residence address in the manner described in divisions (B) and (C) of section 2950.04 of the Revised Code with the sheriff of the county in which the offender's new residence address is located, subject to division (C) of this section.
* * *
 (E)(1) No person who is required to notify a sheriff of a change of address pursuant to division (A) of this section shall fail to notify the appropriate sheriff in accordance with that division. (Boldface type added.)
The statute clearly requires a defendant to give prior notice to the sheriff of an anticipated move. The legislature of the State of Washington has enacted a similar statute requiring sexual predators to register with the sheriff prior to changing a residence. When faced with homeless offenders who have failed to register with the sheriff, appellate courts in Washington have three times reversed convictions for insufficient evidence. See State v. Pickett (1999), 95 Wn. App. 475,975 P.2d 584; Washington v. Bassett (1999), 97 Wn. App. 737, 987 P.2d 119; and State v. Jenkins (2000), 100 Wn. App. 85, 995 P.2d 1268.[2] These courts concluded that without a residence it is impossible for a defendant to report as required under the statute.
The majority herein has found that a change in residence occurs when a person leaves a current residence. The majority concludes that it is this change which triggers the statute and requires an offender to report. However, even when applying the majority's standard, the appellant simply could not have complied with the statute because he had no knowledge, seven days prior to the event, that his residence would change.
As the Pickett Court specifically stated, an offender who does not know where he will sleep can hardly give meaningful residence information to the sheriff. The failure of the statute to address this situation can only be resolved by the legislature. Id. at 480.
[1] State v. Cook (1998), 83 Ohio St.3d 404; State v. Williams (2000), 88 Ohio St.3d 513; State v. Thompson (2001),92 Ohio St.3d 584.
[2] In Jenkins the appellate court also held that the statute was unconstitutionally vague because it did not differentiate between a mailing address and a residential address.