[No. 25805-6-II.    Division Two.    December 7, 2001.]

THE STATE OF WASHINGTON, *Respondent*, v. DANIEL WADE McKINNON, *Appellant*.

2

*Robert W. Huffhines, Jr.*, for appellant (appointed counsel for appeal).

*Susan I. Baur, Prosecuting Attorney*, and *Debra L. Burchett, Deputy*, for respondent.

MORGAN, J. — Daniel McKinnon appeals his bench trial conviction of failing to register as a sex offender. We reverse and remand for new trial.

Former RCW 9A.44.130 (1998) required a sex offender to register with the county sheriff. On May 3, 1999, Division One of this court held that the statute did not apply while a sex offender was homeless.[1] On October 29, 1999, Division Two held to the same effect.[2]

Effective June 7, 1999, former RCW 9A.44.130 was amended to take homelessness into account. LAWS OF 1999, 1st Spec. Sess., ch. 6, § 1 (codified at RCW 9A.44.130(3)(b), .130(4)(a)(vii), (viii), .130(6)). As the trial judge later observed, those amendments do not apply here, where the crime allegedly occurred on or about May 15, 1999.

McKinnon became a sex offender in 1990. He registered seven times thereafter, the last being November 11, 1998. The State asserts in its brief, without citation to the record, that he was convicted of failing to register on three different dates in 1997.

From January to May 1999, McKinnon was confined in the Cowlitz County Jail on unrelated matters. He gave jail staff the address where he and his wife lived, 1950 33rd Avenue, Longview. On January 15, 1999, another man moved in with McKinnon's wife.

On May 14, 1999, McKinnon was released from jail. He did not intend to return to the address he had shared with his wife. Nor, according to him, did he have another place to live. From his release until his arrest on the present charge (i.e., from May 14, 1999 to January 2000), he lived in "the woods and in a car or just anywhere [he] could."[3]

On May 14, according to McKinnon, he and his mother went to the Cowlitz County Sheriff's Office. He told the

---

[1] *State v. Pickett*, 95 Wn. App. 475, 478, 975 P.2d 584 (1999).

[2] *State v. Bassett*, 97 Wn. App. 737, 987 P.2d 119 (1999). On March 24, 2000, Division Two also held that the statute was unconstitutionally vague as applied to a homeless sex offender. *State v. Jenkins*, 100 Wn. App. 85, 995 P.2d 1268, *review denied*, 141 Wn.2d 1011 (2000). *Jenkins* came too late to be cited or considered at the trial under review here.

[3] Report of Proceedings (RP) at 36.

clerk on duty that he did not have a place to live. The clerk insisted he provide an address, so he gave his mother's address, 646 21st Street, Longview, which was where he received mail.

Detective Bradley Bright handled sex offender registrations for the Cowlitz County Sheriff's Office. On August 18, 1999, he went to McKinnon's wife's address and learned McKinnon had not been there since January. He could find no record of McKinnon's having registered with the sheriff's office in May.

On August 24, 1999, the State charged McKinnon with failing to register on or about May 15, 1999. A bench trial commenced on March 3, 2000. Defense counsel argued that McKinnon was not guilty because he did not have "an actual stable address where he was living."[4] Neither defense counsel nor the prosecutor cited *Pickett* or *Bassett*.[5] Apparently unaware of those cases, the trial court orally ruled:

> [McKinnon] . . . had a duty to report to the sheriff immediately upon his release from the county jail. And the transient portions of that statute had not yet been amended or go[ne] into effect.[6]
>
> . . . .
>
> That transient portion of it was intended to help provide a transient with another method of complying with the statute. It was not in effect at that time.[7]

The trial court convicted McKinnon as charged.

■ McKinnon's first claim on appeal is that the evidence is insufficient to support his conviction. When analyzing such a claim, we ask whether, after viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond

---

[4] RP at 57-58.

[5] *State v. Pickett*, 95 Wn. App. 475, 975 P.2d 584 (1999); *State v. Bassett*, 97 Wn. App. 737, 987 P.2d 119 (1999).

[6] The court was referring to Laws of 1999, 1st Spec. Sess., ch. 6, § 1 (codified at RCW 9A.44.130(3)(b), .130(4)(a)(vii), (viii), .130(6)), described earlier in this opinion.

[7] RP at 58-59.

a reasonable doubt.[8] All reasonable inferences from the evidence must be drawn in favor of the State and most strongly against the defendant.[9]

Here, the trial court was not required to accept McKinnon's testimony that he was homeless on the relevant date. Nor was the State obligated to prove where he was living. The State's only obligation was to prove he was a sex offender who had not registered. If the State did that, he had the obligation to excuse his noncompliance by showing he was homeless. The trial court could have disbelieved his testimony on that point, and in that event the evidence was sufficient to convict.

McKinnon's second claim on appeal is that he received ineffective assistance when his trial counsel failed to call *Pickett* and *Bassett* to the trial court's attention. A party asserting ineffective assistance must show (1) deficient performance and (2) resulting prejudice.[10] To show deficient performance, the party must show performance that fell below an objective standard of reasonableness, considering all the circumstances.[11] To show prejudice, the party must show that the result would have been different but for the deficient performance.[12]

Deficient performance is shown here. Based on an objective standard of reasonableness, counsel should have known of, and called to the trial court's attention, both *Pickett* and *Bassett*. *Pickett* had been decided nearly a year earlier, *Bassett* nearly five months earlier, and each directly supported the defense McKinnon was asserting.

Prejudice is also shown here, for we cannot tell with certainty why the trial court convicted. Although it might simply have disbelieved McKinnon's testimony that he was

---

[8] *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980).

[9] *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

[10] *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. Thomas*, 109 Wn.2d 222, 225-26, 743 P.2d 816 (1997).

[11] *Thomas*, 109 Wn.2d at 226 (citing *Strickland*, 466 U.S. at 688).

[12] *State v. McFarland*, 127 Wn.2d 322, 337, 899 P.2d 1251 (1995).

homeless, in which case there would be no prejudice, it seemed to say in its oral remarks that it thought homelessness was unavailable as a defense because McKinnon's failure to register occurred before the effective date of the 1999 statutory amendments pertaining to transients. It would have realized it was incorrect, of course, if it had reviewed *Pickett* and *Bassett*. Concluding that counsel's failure to call *Pickett* and *Bassett* to the trial court's attention was both deficient and prejudicial, we grant a new trial at which the court and counsel shall consider all applicable law.

McKinnon's remaining arguments lack merit or need not be reached.

Reversed and remanded for new trial.

HUNT, A.C.J., and HOUGHTON, J., concur.