[Nos. 26609-5-III; 26585-4-III. Division Three. February 26, 2009.]

THE STATE OF WASHINGTON, *Respondent*, v. DAVID JAMES DRAKE, *Appellant*.

*In the Matter of the Personal Restraint of* DAVID J. DRAKE, *Petitioner.*

---

*Julia A. Dooris* and *Janet G. Gemberling* (of *Gemberling & Dooris, PS*), for appellant/petitioner.

*Steven J. Tucker, Prosecuting Attorney*, and *Mark E. Lindsey* and *Andrew J. Metts III, Deputies*, for respondent.

¶1 SCHULTHEIS, C.J. — David J. Drake challenges the sufficiency of the evidence to support his conviction for failure to register as a sex offender. We agree that the evidence is insufficient and reverse and remand for dismissal with prejudice.

## FACTS

¶2 Mr. Drake was convicted of first degree child rape and first degree child molestation in 1996. This conviction required him to register as a sex offender for the remainder of his life. He moved into the New Washington Apartments in Spokane on April 6, 2007. His rent was paid up until midnight on May 6. He registered the New Washington Apartments address with the Spokane County Sheriff's Office on May 4.

¶3 Mr. Drake did not pay his rent by May 7. Apartment management personnel removed Mr. Drake's belongings and placed them into storage. Mr. Drake's property was later picked up by someone other than Mr. Drake after May 30.

¶4 On May 16, while making a routine check of the sex offender registry, police learned of Mr. Drake's ouster by the New Washington Apartments. An arrest warrant was requested.[1] On May 22, the State filed an information charging Mr. Drake with failure to register as a sex offender.

¶5 Mr. Drake waived his right to a jury trial and was convicted after the bench trial. This appeal follows. Mr. Drake also filed a "petition for habeas corpus," which this court construed to be a personal restraint petition and consolidated with the direct appeal.

## DISCUSSION

¶6 "Any adult . . . residing . . . in this state who has been found to have committed or has been convicted of any sex

---

[1] The date and circumstances of Mr. Drake's arrest are not part of the record.

offense . . . shall register with the county sheriff for the county of the person's residence." RCW 9A.44.130(1)(a). A person so required to register must provide his or her "(i) [n]ame; (ii) complete residential address; (iii) date and place of birth; (iv) place of employment; (v) crime for which convicted; (vi) date and place of conviction; (vii) aliases used; (viii) social security number; (ix) photograph; and (x) fingerprints." RCW 9A.44.130(3)(a). It is not disputed that Mr. Drake was required to register and that he complied with these requirements on May 4, 2007.

¶7 Mr. Drake was charged with knowingly failing to register between May 6 and 20, 2007, by changing his residence address and failing to notify the sheriff's office within 72 hours of moving or within 48 hours of ceasing to have a fixed address and/or failing to report in person on a weekly basis.

¶8 The sex offender statutes require that, when a registered sex offender changes addresses within the same county, "the person must send signed written notice of the change of address to the county sheriff within seventy-two hours of moving." RCW 9A.44.130(5)(a).[2] If the person lacks a fixed residence, he must "provide signed written notice to the sheriff of the county where he or she last registered within forty-eight hours excluding weekends and holidays after ceasing to have a fixed residence." RCW 9A.44-.130(6)(a). When lacking a fixed residence, the sex offender must also personally report to the sheriff of the county where he or she is registered on a weekly basis. RCW 9A.44.130(6)(b).

■ ¶9 Because Mr. Drake's underlying convictions were felony sex offenses, a knowing failure to comply with the

---

[2] It is not asserted that Mr. Drake changed his residence outside of the county, which invokes different rules. If the person "moves to a new county, the person must send signed written notice of the change of address at least fourteen days before moving to the county sheriff in the new county of residence and must register with that county sheriff within twenty-four hours of moving." RCW 9A.44.130(5)(a). "The person must also send signed written notice within ten days of the change of address in the new county to the county sheriff with whom the person last registered." Id.

change of address requirements constitutes a felony for him. RCW 9A.44.130(12)(a).

 ¶10 The test for reviewing a defendant's challenge to the sufficiency of evidence in a criminal case is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt." *State v. Gentry*, 125 Wn.2d 570, 596-97, 888 P.2d 1105 (1995). All reasonable inferences from the evidence are drawn in favor of the State. *Id.* at 597. The elements of a crime can be established by both direct and circumstantial evidence. *State v. Thompson*, 88 Wn.2d 13, 16, 558 P.2d 202 (1977).

██ ¶11 The trial court entered two pertinent conclusions of law, which Mr. Drake challenges.

4. The court determines beyond a reasonable doubt that the defendant knew he did not pay his rent and in failing to do so, knew he was not paying for the residence. As a result, the defendant had no legal right to reside at the address. Whether the defendant intended to return to that residence is not material.

5. The court infers no intent to return. The court cannot presume from the evidence presented that the defendant had a right to reside there or that he intended to return to the residence.

Clerk's Papers (CP) at 91.

¶12 The State did not present a rental agreement or lease between Mr. Drake and the landlord. A manager did testify, however, that Mr. Drake paid rent on a month-to-month basis. She testified generally that the managers enter into a "month to month agreement" with tenants, which sets forth the terms under which a tenant can be removed. Report of Proceedings at 14. Although the manager did not elaborate on those terms, she testified that, as far as the management of the New Washington Apartments was concerned, Mr. Drake ceased to be a resident of the apartments after midnight May 6, 2007, when he did not pay his rent. His personal items were then packed up and stored.

¶13 We are unable to identify from the record the legal mechanism employed by the New Washington Apartments to oust Mr. Drake. Unless exempted by RCW 59.18.040, a month-to-month agreement for an indefinite period is typically subject to the Residential Landlord-Tenant Act of 1973 (Act). *See* RCW 59.18.200. Termination and eviction are subject to the procedures set forth in the Act as well as unlawful detainer statutes in chapter 59.12 RCW. *Hous. Auth. v. Pleasant*, 126 Wn. App. 382, 390, 109 P.3d 422 (2005). Those procedures involve notice to the tenant. RCW 59.12.030. There are no self-help provisions for removal of a tenant under the Act. Instead, removal must be effected by court order. RCW 59.18.290. In this case, there is no evidence that Mr. Drake received notice of this eviction or a removal order, if one existed.

¶14 While the lawfulness of his eviction is not at issue, the absence of evidence that Mr. Drake was notified of his ouster calls into doubt the legitimacy of the court's finding that Mr. Drake "had no legal right to reside at the address." CP at 91. It therefore impacts the mens rea element. In fact, there is no other evidence to support an inference of a knowing failure to register.

■ ■ ¶15 For instance, there is no evidence that Mr. Drake was aware of his eviction. There is no evidence concerning Mr. Drake's whereabouts or activities between May 6 and 20, 2007. There is no evidence that Mr. Drake changed addresses or maintained a residence elsewhere. Finally, there is no evidence from which it could be inferred that Mr. Drake did not intend to return to his apartment.

¶16 The trial court concluded that Mr. Drake's intention to return is immaterial. Legal authority shows otherwise. A residence "is the place where a person lives as either a temporary or permanent dwelling, a place to which one intends to return, as distinguished from a place of temporary sojourn or transient visit." *State v. Pickett*, 95 Wn. App. 475, 478, 975 P.2d 584 (1999). If Mr. Drake maintained his residence at the New Washington Apartments and intended to return there, he was under no duty to change his

registration to another residence or declare that he had no fixed residence.

¶17 Despite its determination that Mr. Drake's intention to return was immaterial, the court also concluded that it would not infer or presume that Mr. Drake intended to return to his apartment. The trial court was under no obligation of law to presume such a fact. But there is no evidence showing that he did not intend to return. In fact, there was evidence that Mr. Drake left his belongings at the apartment, which certainly implies an intention to return. These belongings were of sufficient value to Mr. Drake that he had someone collect them after he was arrested. The State did not show that Mr. Drake did not intend to return to his residence at the New Washington Apartments. Any inference to the contrary is erroneous and not supported by substantial evidence in the record.

¶18 Moreover, the fact that Mr. Drake probably knew he did not pay his rent does not necessarily equate to the knowledge of an automatic lockout. Thus, the State did not show that Mr. Drake knew he was ousted.

¶19 The State proved that Mr. Drake's rent was not paid, his landlord vacated him from his apartment, and his possessions were stored and picked up by someone else after he was arrested. But the State did not prove beyond a reasonable doubt that Mr. Drake knowingly failed to register at a new address or as a homeless person.

¶20 The State notes that Mr. Drake did not attempt to prove the homelessness affirmative defense provided by the statute.[3] RCW 9A.44.130(6)(c). That is immaterial because the State failed to meet its burden.

---

[3] The relevant provision states, "If any person required to register pursuant to this section does not have a fixed residence, it is an affirmative defense to the charge of failure to register, that he or she provided written notice to the sheriff of the county where he or she last registered within forty-eight hours excluding weekends and holidays after ceasing to have a fixed residence and has subsequently complied with the requirements of subsections (4)(a)(vii) or (viii) and (6) of this section. To prevail, the person must prove the defense by a preponderance of the evidence." RCW 9A.44.130(6)(c).

¶21 Because insufficient evidence supported the court's verdict, the proper remedy is to reverse and remand for dismissal with prejudice. *State v. Hickman*, 135 Wn.2d 97, 103, 954 P.2d 900 (1998).

## CONCLUSION

¶22 We reverse the conviction and remand for dismissal with prejudice. We also dismiss Mr. Drake's personal restraint petition.

SWEENEY and KULIK, JJ., concur.

Review denied at 166 Wn.2d 1026 (2009).